ORIGINAL

FILED
2013 JUN 21 AM 11:19
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:___

N/S

Deborah Kravitz (SBN 275661)
dkravitz@kamberlaw.com
KAMBERLAW, LLP
141 North Street
Healdsburg, CA 95448
Telephone: (707) 820-4247
Facsimile: (212) 202-6364

David C. Parisi (SBN 162248)
dparisi@parisihavens.com
Suzanne Havens Beckman (SBN 188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Telephone: (818) 990-1299
Facsimile: (818) 501-7852

Attorneys for Plaintiff Max Fernandez,
individually and on behalf of a class of
similarly situated individuals

(Additional counsel on signature page)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX FERNANDEZ, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CURACAO, LTD., a California Limited Partnership, and NATIONAL ATTORNEY COLLECTION SERVICES INC, a California Corporation,<br><br>Defendants. | Case No. 13-cv-03439-FMO-JC<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1) VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227.<br>2) VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Max Fernandez brings this class action complaint against Defendants Adir International, LLC, doing business as La Curacao as well as Curacao ("Curacao"), and National Attorney Collection Services, Inc. ("NACS"), (hereinafter

jointly referred to as "Defendants") to stop Defendants' practice of making unsolicited text message and telephone calls to cellular telephones and to obtain redress for all persons injured by this conduct. Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE CASE

1. Wireless spam is a growing problem in the United States. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones." In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone." Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010) at http://pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx.

2. In order to collect purported debts on defaulted accounts, Defendant NACS, on behalf of Defendant Curacao, repeatedly placed "text message" calls (hereinafter, "wireless spam") and prerecorded telephone calls to the cellular telephones of individuals throughout the nation without obtaining the individuals' prior express consent. Defendants NACS placed these calls through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice.

3. By effectuating these calls, Defendant has caused consumers actual harm, not only because individuals were subjected to the aggravation that necessarily accompanies wireless spam and prerecorded telephone calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam and incoming telephone calls, and such calls are an intrusion upon seclusion, diminish cellular battery life, and/or waste data storage capacity.

Parisi & Havens LLP
15233 Valleyheart Drive
SHERMAN OAKS, CA 91403
(818) 990-1299

4. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227"), which prohibits unsolicited voice and text calls to cell phones.

5. On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and outgoing prerecorded telephone calls and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff Max Fernandez ("Plaintiff") is a resident of Glendale, California. He is the subscriber of a cellular phone on which he received numerous unsolicited text messages and telephone calls from Defendants.

7. Defendant Adir International, LLC, doing business as La Curacao as well as Curacao ("Curacao") is a California limited liability company which at all relevant times maintained its headquarters and principal place of business in California. Defendant maintains a registered agent at 1605 West Olympic Boulevard, Suite 600, Los Angeles, California 90015. It sells products to consumers throughout the United States, including in this District.

8. Defendant National Attorney Collection Services, Inc. ("NACS") is a California business entity with an address of 1146 North Central Avenue, Suite 221, Glendale, California, 91202. NACS provides debt collection services on behalf of Defendant Curacao as well as on behalf of others.

## JURISDICTION & VENUE

9. For the reasons stated in *Mims v. Arrow Financial Services*, LLC, 132 S. Ct. 740 (2012), the Court has federal subject matter jurisdiction under 47 U.S.C. § 227.

10. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state

different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

11. This Court has personal jurisdiction over Defendants because they conduct operations and/or sales in California, are registered to do business in California, and the acts alleged herein originated in this District.

12. Venue is proper in this District under 28 U.S.C. § 1391(a) because Defendants and Plaintiff reside in this District and because a substantial part of the events giving rise to the claim occurred in this District.

## COMMON ALLEGATIONS OF FACT

13. In recent years, debt collectors who often have felt stymied by federal laws limiting unsolicited telephone calls and e-mails have increasingly looked to alternative technologies through which to cheaply send bulk notifications to purported debtors and their friends, relatives, employers, and the like.

14. One of the newest types of intrusive debt collection practices is to send text messages, or a "Short Message Service" to such individuals. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

15. A "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When a SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a message call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

16. SMS calls, and particularly wireless spam, like cellular telephone calls, can actually cost their recipients money because cell phone users must frequently pay their respective wireless service providers either for each text message call they

receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

17. Over the course of an extended period beginning in at least 2012, Defendants directed the mass transmission of wireless spam SMS message calls to cell phones nationwide of individuals who were listed as references on applications of consumers seeking to open credit or other financial accounts with Curacao.

18. For instance, on at least five occasions during October and November of 2012, Plaintiff's cell phone rang, indicating that a text call was being received.

19. The body of these text messages read:

> ORELLANA, MARIO EDWARD, URGENT TO CALL NATIONAL ATTORNEY SERVICE ON A SENSITIVE MATTER LLAME POR UN ASUNTO MUY DELICADO AL 1-855-525-1400 EXT 305 CASE # 2691788.

20. This text call was placed by Defendant NACS on behalf of Defendant Curacao.

21. Plaintiff now understands that his relative listed him as a reference on a credit card application that the relative submitted to Curacao. When Plaintiff's relative purportedly defaulted on the Curacao account, NACS, on behalf of Curacao, sent numerous text messages identical to the message described above for a period of several months, to Plaintiff.

22. At no time did Plaintiff consent to the receipt of such text message calls from Defendants.

23. In addition, during the summer of 2012, Defendant NACS, on behalf of Curacao, placed several pre-recorded telephone calls to Plaintiff in an attempt to collect on the same purported debt of Plaintiff's relative's Curacao account.

24. At no time did Plaintiff consent to the receipt of such telephone calls from Defendants.


## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and classes defined as follows:

**TEXT MESSAGE CLASS:**

(a) all natural persons in the United States and its Territories;

(b) who received one or more text message calls to such person's cellular telephone number from National Attorney Collection Services, Inc. or any other third-party vendor which Curacao engaged to collect debts;

(c) where neither Defendant has records (or other evidence) that such person provided such cellular telephone number to Defendants prior to the placement of the text message calls.

**TELEPHONE CALL CLASS:**

(a) all natural persons in the United States and its Territories;

(b) who received one or more telephone calls to such person's cellular telephone number from National Attorney Collection Services, Inc. or any other third-party vendor which Curacao engaged to collect debts;

(c) where neither Defendant has records (or other evidence) that such person provided such cellular telephone number to Defendants prior to the placement of the telephone calls.

26. Excluded from each Class are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded from each Class are the judge and staff to whom this case is assigned, and any member of the judge's immediate family.

27. Plaintiff reserves the right to revise the definition of the each Class based on facts learned during discovery.

28. Each Class consists of thousands of individuals and other entities, making joinder impractical.

29. Plaintiff will fairly and adequately represent and protect the interests of the other members of each Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of each Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of each Class.

30. Absent a class action, most members of each Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

31. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of each Class in transmitting the wireless spam at issue and making outgoing telephone calls, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Classes.

32. The factual and legal basis of Defendants' liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to the Plaintiff and to all of the other members of the Classes as a result of the transmission of the wireless spam or telephone calls alleged herein. Plaintiff and the other Class members have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

33. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include but are not limited to the following:

(a) Does the wireless spam Defendants distributed to Plaintiffs and Class Members cellular phones violate 47 U.S.C. § 227?

(b) Do the telephone calls Defendants made to Plaintiffs and Class Members cellular phones violate 47 U.S.C. § 227?

(c) Are Plaintiff and members of the Classes entitled to treble damages based on the willfulness of Defendants' conduct?

## FIRST CAUSE OF ACTION
### (Violation of 47 U.S.C. § 227: On behalf of the Text Message Class)

34. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

35. Plaintiff and Defendants were "persons" as defined by 47 U.S.C. § 153(1).

36. Defendants made unsolicited outgoing text message calls to consumers and others in the regular course of their business. Defendants called the Plaintiffs and Class members' cellular telephone numbers.

37. Upon information and belief, Defendants placed text message calls to Plaintiffs and Class Members by using an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1) and/or by leaving an artificial or prerecorded message in the text message.

38. Defendant made unsolicited text calls, including the message transcribed above, to the wireless telephone numbers of the Class. Based on information and belief, each such text message call was made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to effectively send text messages simultaneously to lists of thousands of wireless telephone numbers without human intervention.

39. These text calls were made en masse and without the prior express consent of the Plaintiff and the other members of the Class.

40. Defendants did not make the complained of text message calls to Plaintiff and Class Members' cellular phones for emergency purposes.

41. Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' illegal conduct, the members of the class suffered actual damages by, inter alia, having to pay their respective wireless carriers for the text messages where applicable and, under section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each violation of such act.

42. Because Defendants had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

43. Plaintiff, on his own behalf, and behalf of the other Class members, seeks injunctive and equitable relief under 47 U.S.C. § 227(b)(3), against Defendants.

44. Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff and the Class are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

### SECOND CAUSE OF ACTION
(Violation of 47 U.S.C. § 227: On behalf of the Telephone Call Class)

45. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

46. Plaintiff and Defendants were "persons" as defined by 47 U.S.C. § 153(1).

47. Defendants made telephone calls to consumers and others in the regular course of their business. Defendants called the Plaintiffs and Class members' cellular telephone numbers.

48. Upon information and belief, Defendants placed telephone calls to Plaintiffs and Class Members by using an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1) and/or by leaving an artificial or prerecorded message.

49. Based on information and belief, each telephone call was made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, and to dial such numbers.

50. These telephone calls were made without the prior express consent of the Plaintiff and the other members of the Class.

51. Defendants did not make the complained of telephone calls to Plaintiff and Class Members' cellular phones for emergency purposes.

52. Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' illegal conduct, the members of the class suffered actual damages by, inter alia, having to pay their respective wireless carriers for the telephone calls where applicable and, under section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each violation of such act.

53. Because Defendants had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned calls, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

54. Plaintiff, on his own behalf, and behalf of the other Class members, seeks injunctive and equitable relief under 47 U.S.C. § 227(b)(3), against Defendants.

55. Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff and the Class are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

WHEREFORE, Plaintiff Max Fernandez, on behalf of himself and the Classes, prays for the following relief:

1. An order certifying the Classes as defined above;
2. An award of actual and statutory damages;
3. An injunction requiring Defendants to cease all wireless spam activities and prerecorded telephone calls;

Parisi & Havens LLP
15233 Valleyheart Drive
SHERMAN OAKS, CA 91403
(818) 990-1299

First Amended Class Action Complaint

|   |   |   |
|---|---|---|
| 4. | An award of reasonable attorneys' fees and costs; and |
| 5. | Such further and other relief the Court deems reasonable and just. |

Dated: June 20, 2013                          Respectfully submitted,


                                          By:       s/David C. Parisi

David C. Parisi
Suzanne Havens Beckman
PARISI & HAVENS LLP

Grace E. Tersigni (not admitted)
gtersigni@kamberlaw.com
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone: (212) 920-3072
Facsimile:  (212) 202-6364

Deborah Kravitz (SBN 275661)
dkravitz@kamberlaw.com
KAMBERLAW, LLP
141 North Street
Healdsburg, CA 95448
Telephone: (707) 820-4247
Facsimile: (212) 202-6364

Attorneys for MAX FERNANDEZ individually and on behalf of a class of similarly situated individuals

## JURY DEMAND

Plaintiff demands a trial by jury of all causes of action and matters so triable.

Dated: June 20, 2013

Respectfully submitted,

By:     s/David C. Parisi

David C. Parisi
Suzanne Havens Beckman
PARISI & HAVENS LLP

Grace E. Tersigni (not admitted)
gtersigni@kamberlaw.com
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone: (212) 920-3072
Facsimile: (212) 202-6364

Deborah Kravitz (SBN 275661)
dkravitz@kamberlaw.com
KAMBERLAW, LLP
141 North Street
Healdsburg, CA 95448
Telephone: (707) 820-4247
Facsimile: (212) 202-6364

Attorneys for MAX FERNANDEZ individually and on behalf of a class of similarly situated individuals